UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:11-cr-30031 |
| ) | |
| JORGE SANCHEZ, ) | |
| Defendant. ) | |

**Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 and <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019)**

Pursuant to 28 U.S.C. § 2255, Jorge Sanchez moves to vacate his conviction for being a person with a proscribed status under 18 U.S.C. § 922(g) in possession of a firearm/ammunition. In <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), the Supreme Court held the government must prove that a defendant knew, at the time of the alleged possession, that he belonged to the relevant category of persons barred from possessing firearms and ammunition.  <u>Rehaif</u>, 139 S. Ct. at 2200.  Pursuant to <u>Rehaif</u>, Mr. Sanchez' conviction for being a person in possession of a firearm must be vacated.

In support of this motion, Mr. Sanchez states the following:

1. Defendant was convicted of violating 18 U.S.C. § 922(g) on December 11, 2014 and was sentenced to 180 months imprisonment followed by three years of supervised release.  He remains in custody.

2. This is defendant's first motion pursuant to 28 U.S.C. § 2255.

3. Reversing every circuit court to decide the issue of knowledge of status, the Supreme Court held in <u>Rehaif v. United States</u>, 139 S. Ct. 2191, 2194 (2019) that: "To convict a defendant [under 18 U.S.C. § 922(g)], the Government [] must show that the defendant knew he possessed

a firearm and also that he knew he had the relevant status when he possessed it." The rule announced in Rehaif, which narrows the scope of the offense, is a new substantive rule retroactively applicable to cases on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004).

4. The indictment in this case failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense. Due to the defective indictment, this Court did not have jurisdiction to enter a judgment in the § 922(g) prosecution.

5. The indictment violated Mr. Sanchez' Fifth Amendment right to be charged by a grand jury.

6. The indictment violated Mr. Sanchez' Sixth Amendment right to notice.

7. During his change of plea on September 9th, 2014, Mr. Sanchez was not informed that knowledge of status was an essential element of the § 922(g) offense. Accordingly, his plea was not made knowingly and voluntarily, in violation of his Fifth Amendment right to due process.

8. The Rehaif errors in Mr. Sanchez' proceedings were prejudicial.

9. Mr. Sanchez' motion challenging his § 922(g) conviction is timely under 28 U.S.C. § 2255(f)(3). It is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. That right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

                Respectfully submitted,
                Jorge Sanchez
                By his attorney
                /s/ Michael Tumposky
                Michael Tumposky, BBO 660618
                Hedges & Tumposky, LLP
                50 Congress St., Suite 600
                Boston, MA 02109
                T) 617 722-8220
                E) Tumposky@htlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that true copies of this document will be served on the registered parties through the ECF system on this date June 19th, 2020.

/s/ Michael Tumposky